UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-01771 JAK (MRWx) | Date | April 16, 2020 |
|---|---|---|---|
| Title | Deardra Washington v. Reliance Standard Life Insurance Company | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Cheryl Wynn | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) PLAINTIFF'S NOTICED MOTION FOR REMAND, 2ND REQUEST (DKT. 11)

On April 6, 2020, Deardra Washington ("Plaintiff"), who is self-represented, filed a "Noticed Motion for Remand, 2nd Request" (the "Motion"). Dkt. 11. Through the Motion, Plaintiff argues that this action was not removed in a timely manner. *Id.* at 1-2.

Plaintiff previously filed a "Request for Remand" (the "Request") (Dkt. 8)), which was denied through an order issued on March 24, 2020. Dkt. 10. Consequently, the Motion is, in effect, one to reconsider the March 24, 2020 Order. Because it does not meet the standards of Local Rule 7-18, it could be denied on that basis alone. Thus, there is no showing that there is a material difference in fact that could not have been discovered through reasonable diligence and presented in support of the Request. The Motion is also deficient because the proper procedural method to seek a remand is through the filing of a noticed motion in accordance with Local Rules 6-1 and Local Rule 7. However, because the Motion is without substantive merit, and in the interest of judicial and party efficiency, it is addressed prior to the filing of any opposition by the Defendant. For the reasons stated in this Order, the Motion is **DENIED**.

Plaintiff filed this action against Reliance Standard Life Insurance Company ("Defendant") in the Los Angeles Superior Court on January 21, 2020. *See* Dkt. 1 at 2. Defendant's notice of removal (the "Removal Notice") states that the summons and complaint were served on Defendant on January 24, 2020. *Id.* On February 24, 2020, Defendant filed the Removal Notice pursuant to 28 U.S.C. §§ 1441 and 1446. *Id.* at 1.

In support of the Motion, Plaintiff contends that the Removal Notice was filed after the 30-day time limit for removal pursuant to 28 U.S.C. § 1446. Dkt. 11 at 1-2. Specifically, Plaintiff contends that Defendant failed to remove this action within 30 days after service of the summons and complaint because Defendant filed the Removal Notice on February 24, 2020, the 31st day after that service. *Id.* Plaintiff also argues that the Superior Court, rather than the federal court, had jurisdiction over this action at the time the Removal Notice was filed. *Id.* at 2.

Based on a review of the Motion, insufficient good cause has been shown to remand the action. The Removal Notice was timely under 28 U.S.C. § 1446(b)(1), which provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-01771 JAK (MRWx) | Date | April 16, 2020 |
|---|---|---|---|
| Title | Deardra Washington v. Reliance Standard Life Insurance Company | | |

action or proceeding is based." "Federal Rule of Civil Procedure 6 governs computation of time for purposes of that statute." *Student A. By & Through Mother of Student A. v. Metcho*, 710 F. Supp. 267, 268 (N.D. Cal. 1989) (collecting cases). In computing a time period stated in days, Fed. R. Civ. P. 6(a)(1)(C) provides that "if the last day [of the period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Because the last day of the period for the Removal Notice fell on Sunday, February 23, 2020, the Removal Notice was timely filed in this federal court on Monday, February 24, 2020. *See Pogosyan v. U.S. Bank Tr. Nat'l Ass'n*, No. CV15-07085-AB (RAOx), 2015 WL 12696188, at *2 (C.D. Cal. Oct. 22, 2015); *Williams v. Leonard*, No. C02-05084 CRB, 2003 WL 163183, at *1 (N.D. Cal. Jan. 13, 2003). At that time, this Court acquired jurisdiction of this action. "Once a notice of removal is filed, 'the State court shall proceed no further unless and until the case is remanded.' 28 U. S. C. § 1446(d)." *Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 140 S. Ct. 696, 700 (2020). "The state court 'los[es] all jurisdiction over the case.'" *Id.* (quoting *Kern v. Huidekoper*, 103 U.S. 485, 493 (1881)).

Because Defendants timely removed this action, the Motion is **DENIED**. Plaintiff is advised that, although she is self-represented, she is obligated to comply with the Local Rules as well as this Court's Standing Order. Both are available online. *See* http://www.cacd.uscourts.gov/court-procedures/local-rules; http://www.cacd.uscourts.gov/honorable-john-kronstadt. Future violations of either may result in the imposition of sanctions. Plaintiff is also advised that the Pro Se Clinic is available to assist self-represented parties. Clinics are located in Los Angeles, Riverside and Santa Ana. More information about them is available on the Court's website, http://prose.cacd.uscourts.gov.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | cw |